## McCURDY v STEPHENSON

Ohio Appeals, 4th Dist, Jackson Co
Decided Nov. 8, 1930

Mary G. Mahon and Goldie S. Kanter, Columbus, for McCurdy.

Joseph McGhee, Columbus, and E. E. Eubanks, Jackson, for Stephenson.

BY THE COURT.

1. There is, of course, generally no reason why defendants may not be joined in an action for malicious prosecution or any other tort in which they were jointly engaged. It is claimed, however, that the charge in the instant case is that the defendants appeared before the grand jury and there testified falsely, and that it was impossible for them to have joined in the the commission of the tort complained of for the reason that if they furnished the grand jury any false information they must have done so separately as a matter of necessity because more than one witness at a time is not allowed in the grand jury room. It is admitted that if the petition had charged that the defendants were in a conspiracy to do the things complained of, and that those things were done pursuant to that conspiracy, that the defendants would be properly joined. We take it that that is what the petition in this case virtually charges, that the specific acts charged could only have been performed by all of the defendants if those acts were done in pursuance of a previous understanding, and when the petition charges that the defendants gave and furnished to the grand jury certain false information

it implies that there was such arrangement between them as to make their action a joint action.

In discussing malicious prosecution **13 Enc. of Pleading and Practice, 436,** says:

"In actions against two or more an averment of conspiracy is sometimes inserted, but except under peculiar circumstances it is mere surplusage, or matter of aggravation, and need not be proved. On the other hand, conspiracy may be proved though not alleged."

Our conclusion is that the defendants were not improperly joined and that the demurrer ought not have been sustained on that ground.

2. Upon the other ground mentioned, that is, the sufficiency of the petition, there is no serious question that the petition contains all the elements of malicious prosecution as laid down by all the authorities, except it is claimed that inasmuch as the petition shows that the alleged wrong consists in giving testimony before a federal grand jury the defendants were immune from liability by a public policy that protects witnesses from any liability for testimony before that tribunal, and **Vogel v. Gruaz, 110 U. S. 311,** is relied upon as sustaining that authority.

The public policy of Ohio is determined by the Supreme Court of this state rather than by the Supreme Court of the United States. **Kintz v. Harriger, 99 O. S. 240.,** definitely holds that in this state one is liable in malicious prosecution for having given false information to a grand jury and that there is no public policy in this state that prevents one from proving such a wrong. While **Kintz v. Harriger** seems to expressly repudiate the doctrine of **Vogle v. Gruaz** there is no necessary conflict between those opinions, and there is accordingly no necessary conflict between the rule laid down by the state and federal courts so far as the case at bar is concerned. **Kintz v. Harriger** is reported and annotated in 12 **A. L. R. 1247.** The editor, summarizing a long line of cases, lays down this general rule:

"In the United States it is well established that defamatory testimony by a witness in a judicial proceeding, which is material to the inquiry, is privileged absolutely and can not be made the basis of an action for libel or slander, even though the testimony is given maliciously and with knowledge of its falsity."

The Vogel case was an action for slander and therefore falls within the rule quoted and is in harmony with the general current of authority. The rule, however, that obtains as to slander or libel does not seem to apply to actions for malicious prosecution for the same editor in discussing actions for malicious prosecution lays down this rule:

"The testimony of a witness is frequently an essential part of a malicious prosecution, and thus becomes a basis of a civil action for such prosecution. The privilege attaching to the testimony of a witness, which is given effect in a civil action for defamation, does not appear to be applicable to the situation though the question has not received much specific discussion in the decisions. The following cases, however, support the view that the testimony of a witness is not privileged for the purpose of avoiding liability in an action for malicious prosecution, and will constitute, in whole or in part, the basis for such an action if the testimony in connection with other acts and circumstances shows that the defendant has instituted against the plaintiff, maliciously and without probable cause, an action which has terminated in plaintiff's favor."

The supporting authorities need not be recited here.

It is accordingly concluded that whatever may be the rule in Ohio as to immunity of a witness from an action for slander based upon his testimony as such witness, the general rule in this and other states is that such witness is not relieved from an action for malicious prosecution.

The petition accordingly stated a cause of action. The action of the trial court in sustaining the demurrer to the petition was erroneous. The judgment of that court is reversed and the cause is remanded for further proceedings according to law.

Middleton, PJ, Mauck and Blosser, JJ, concur.